JAMES VINSON *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

October 26, 1891.

Railway—Failure to Fence—Killing of Stock—Contributory Negligence.

Plaintiff recovered judgment against defendant in justice's court for $5 damages and $15.24 costs, for the killing of his calf on defendant's track at a point where the railway was not fenced.   The defendant appealed, on questions of law only, to the district court for Nobles county, where the action was heard by *Perkins*, J., on the return of the justice, the judgment was affirmed, and judgment of $37.04 (being the amount of that appealed from with costs of appeal) was entered for plaintiff, from which the defendant appealed.   The only issue was upon the defence, pleaded in the answer, of contributory negligence.   On this issue the evidence, as stated in the decision of the district court, was that the calf was in a herd of cattle grazing on land lying on both sides of the track in charge of a herdsman, assisted by two boys and three dogs to keep them off the track. When the train came in sight, most of the cattle were on the north side of the track, three or four being on the south side, and, under the herdsman's direction, an attempt was made to drive these last across the track to the north side, and the calf was struck and killed by the locomotive while crossing.   No reason was given why it was necessary to drive the cattle across the track, the herdsman merely saying that he drove the cattle north across the track because he could drive the smaller number north better than he could drive the larger number south.   It did not appear how near the animals on the south side were to the track when the train was seen.   Upon this evidence the court was of opinion that it was reasonable to presume that it was deemed necessary for the safety of the animals to drive them across the track, for it would not be assumed that the herdsman drove them there for the purpose of having them killed; that it is a matter of common knowledge, which the

court would take notice of, that the animals were liable to be frightened by the train, and in such case the smaller number might attempt to join the larger number on the north side of the track, and there might be greater danger in allowing the animals to remain undisturbed than in trying to drive them across the track before the train should reach them; that contributory negligence must be proved, not presumed; that the animals would not have been upon the track had it been fenced, and the failure to fence was the proximate cause of the injury.

*J. H. Howe* and *Daniel Rohrer,* for appellant.

*L. S. Nelson,* for respondent.

COLLINS, J. Substantially for the reasons stated in the order of the court below, when directing judgment therein in plaintiff's favor, the judgment appealed from is affirmed.